IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:15-cv-24753-Cooke/Torres

SEDNA AIRE USA, INC., a Florida corporation; and GENEVIEVE HAMMOND, an individual,

    Plaintiffs,

vs.

SUNOLOGI, INC., a Florida corporation; COOL ROI, INC., a Delaware corporation; SOLARCOOL INTERNATIONAL, INC., a Florida corporation; EDWARD E. SWEAT, an individual; MARK CRABTREE, an individual; VISTA USA GROUP, LLC, a Louisiana limited liability company, VISTA SOLAR CONTRACTORS, LLC d/b/a THE NEXT ENERGY, a Louisiana limited liability company; SEDNA AIRE HAWAII, LLC d/b/a SOLAR COOL HAWAII, a Hawaiian limited liability company; and MYRON THOMPSON, an individual,

    Defendants.
_____/

**Defendants Sunologi, Inc., Cool Roi, Inc., Solarcool International, Inc. and Edward Sweat's
Reply In Support Of Their Motion To Dismiss First Amended Complaint
<u>For Improper Pleading And Failure To State A Claim</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ................................................................................................................ 2

        A.     Plaintiffs' First Amended Complaint Does Not Comport With The Pleading Standard Articulated In Rule 8 And Cases Construing Same. ...................................................................................................... 2

        B.     The Plaintiffs' Claims Are Simply Not Plausible. ................................................. 4

                1.     The Patent Infringement Counts (Counts I and II) Against Defendant Sweat Fail To State A Claim. ........................................................ 4

                2.     The Patent Infringement Counts (Counts I and II) Also Fail To Identify An Allegedly Infringing System Consistent With Rule 8(a). .......................................................................................... 6

                3.     The Counts For Trademark Infringement And Unfair Competition (Counts III and V) Fail To State Claims Because Plaintiffs Do Not Have A Valid, Protectable Mark. ..................... 8

                4.     The Counts Arising Out of Sweat's Employment With Sedna Aire (Counts VI-VIII) Fail To State Claims. .................................. 9

III.   CONCLUSION .......................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*1021018 Alberta Ltd. v. Netpaying, Inc.*,
    No. 10-568, 2011 WL 1103635 (M.D. Fla. Mar. 24, 2011) ..................................................5, 6

*3rd Eye Surveillance, LLC v. United States*,
    124 Fed. Cl. 438 (Fed. Cl. 2015) ...................................................................................................6

*Al-Site Corp. v. VSI Int'l, Inc.*,
    174 F. 3d 1308 (Fed. Cir. 1999)...................................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................................10

*Azure Networks, LLC v. CSR PLC*,
    771 F. 3d 1336 (Fed. Cir. 2014)...................................................................................................4

*Babbit Electronics, Inc. v. Dynascan Corp.*,
    38 F.3d 1161 (11th Cir. 1994) ......................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................................10

*Borchardt v. Mako Marine Int'l, Inc.*,
    No. 08-61199, 2009 WL 3856678 (S.D. Fla. Nov. 17, 2009) ...............................................5, 6

*Coach House Rest, Inc. v. Coach & Six Restaurants, Inc.*,
    934 F. 2d 1151 (11th Cir. 1991) ...................................................................................................9

*Dania Jai-Alai Palace, Inc. v. Sykes*,
    450 So. 2d 1114 (Fla. 1984).........................................................................................................5

*Disney Enterprises, Inc. v. Hotfile Corp.*,
    No. 11-20427, 2013 WL 6336286 (S.D. Fla. Sept. 20, 2013) .....................................................5

*E-Z Pack Mfg. LLC v. RDK Truck Sales & Services, Inc.*,
    2011 WL 4343790 (M.D. Fla. Aug. 10, 2011) .......................................................................9, 10

*Eskimo Ice Corp. v. Nautic-Kold, Inc., et al*,
    No. 02-60059 (S.D. Fla. Mar. 24, 2005).......................................................................................7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    769 F.3d 1371 (Fed. Cir. 2014)....................................................................................................2

*Ibis Enterprises Ltd. v. Spray-Bilt*,
    220 F. Supp. 65 (S.D. Fla. 1963) ..................................................................................5

*Joe Hand Promotions, Inc. v. Hart*,
    No. 11-80971, 2012 WL 1289731 (S.D. Fla. Apr. 16, 2012) ................................5, 6

*K-Tech Telecommunications, Inc. v. Time Warner Cable*,
    714 F. 3d 1277 (Fed. Cir. 2013)...................................................................................6

*Stuart J. Kaufman, M.D. & Assocs., P.A. v. Bausch & Lomb, Inc.*,
    No. 13-0461, 2013 WL 6154166 (M.D. Fla. Jul. 25, 2013) .......................................9

*Tropic Ocean Airways, Inc. v. Floyd*,
    598 Fed. Appx. 608 (11th Cir. 2014).......................................................................8, 9

*Wechsler v. Macke Int'l Trade, Inc.*,
    486 F. 3d 1286 (Fed. Cir. 2007)...................................................................................4

**Statutes**

35 U.S.C. § 271(a) ..............................................................................................................2, 6

35 U.S.C. § 281....................................................................................................................4

**Rules**

Fed. R. Civ. P. 8...............................................................................................1, 2, 3, 6, 10

Fed. R. Civ. P. 11.........................................................................................................1, 3

I.      INTRODUCTION

Plaintiffs ask the Court to adopt pleading standards that would make it permissible to incorporate 80 allegations into 8 distinct causes of action brought against 9 different defendants, to conflate corporate and individual defendants notwithstanding the confusion created by doing so, and to use Plaintiffs' names interchangeably despite the fact that not all Plaintiffs have suffered the same harm.  The pleading standard advocated by the Plaintiffs would also permit the assertion of claims alleging the "possibility of additional recovery."  (ECF No. 48, p. 6).

The pleading standard advocated by the Plaintiffs is tantamount to a guessing game and, in any event, is far afield of the standard set forth in Rule 8 and the cases construing same.  The defendants cannot frame an answer and assert defenses to the Plaintiffs' First Amended Complaint (the "FAC") as pleaded.  The Plaintiffs' argument in support of their assertion of claims alleging the "possibility of additional recovery" contravenes Rule 11, which requires anyone who signs a pleading to represent that the pleading has, or will likely have, evidentiary support.  Lastly, if the Plaintiffs are allowed to proceed on their FAC, they will likely seek uncontrolled and unbridled discovery stemming from its irreconcilable allegations.[1]

The reason behind the Plaintiffs' incoherent pleading is evident.  The FAC is a poor attempt to mask the sheer lack of factual allegations that exist in support of each of the Plaintiffs' claims.  In fact, in their Response, the Plaintiffs make arguments based on "facts" that are wholly outside the FAC.  These arguments are improper and should not be considered in ruling on the motion to dismiss.  As explained in detail below, after setting aside the conclusory allegations pled collectively against the defendants and parsing through the inconsistencies therein, the Plaintiffs' claims lack the plausibility required to survive the motion to dismiss.

---

[1]   Notably, Plaintiffs have already served each of the defendants with separate production requests, where each request includes more than 100 requests, which is *per se* unreasonable.

## II.  ARGUMENT

### A. Plaintiffs' First Amended Complaint Does Not Comport With The Pleading Standard Articulated In Rule 8 And Cases Construing Same.

Plaintiffs argue that incorporation by reference and grouping of defendants are justifiable *in certain circumstances*. However, those circumstances are not present here. In the FAC, the Plaintiffs non-discriminately incorporate a hodge-podge of 80 allegations into each of the 8 distinct causes of action that they plead against nine separately named parties.[2] The Plaintiffs' causes of action include patent infringement, trademark infringement, unfair competition, breach of contract, and breach of fiduciary duties. Neither Rule 8, nor any of the cases cited by the Plaintiffs, contemplates a scenario where a pleading such as the FAC would be permissible.

By lumping the defendants together in the FAC, the Plaintiffs have created inconsistencies among the allegations made therein. In particular, the conduct asserted against each party independently in the sections titled "The Parties" and "General Allegations" do not support, but rather are inconsistent with, the collective allegations in each of the Counts. (ECF No. 37, pp. 12-13). For example, and with respect to SCI, the Plaintiffs allege that SCI "***operates*** *and* ***maintains*** *a website to market systems* ***for exportation and sale in the United Kingdom***" (ECF No. 21, ¶5), and that "[u]pon information and belief, [the] installations are performed through CRI selling Implicated Systems within the United States, ***as well as via SCI (which in turns sells products overseas . . . )***"[3] (ECF No. 21, ¶70).

---

[2] In particular, two counts are brought against Sweat, CRI, and SCI (Counts I and II); two counts are brought against all of the defendants (Counts III and V); one count is brought against Crabtree individually (Count IV); and three counts are brought against Sweat individually (Counts VI-VIII).

[3] Notably, a claim against SCI under § 271(a) cannot be based upon alleged offers to sell or sales made overseas. *See* 35 U.S.C. § 271(a); *see Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 769 F.3d 1371, 1378, 1380 (Fed. Cir. 2014) (stating that there is a "strong policy against extraterritorial

From these allegations, it would appear that Plaintiffs are complaining about SCI's operating a website that promoted accused systems for sale overseas. *See id*. However, Plaintiffs later claim in Counts I and II that each individual and corporate defendant, including SCI, is responsible for "*directly*" <u>*making, using or selling*</u> air conditioning systems *within* the United States. (ECF No. 21, ¶¶86-93, 99-107) ("On information and belief, **CRI, SCI, Sweat**, Crabtree, the Vista Defendants and Thompson Defendants are *directly selling, offering for sale, or using* a solar air conditioning system *within the United States*. . .") (emphasis added). As shown by this example, as well as the others described in the motion to dismiss, the inconsistencies in Plaintiffs' FAC are irreconcilable.

Plaintiffs' argument that the reference to contributory infringement in Counts I and II merely denotes "the <u>*possibility*</u> of contributory infringement" is further telling. (ECF No. 48, p. 6) (emphasis added). However, a "possibility" pleading creates confusion about the claims actually being asserted, prevents the making of a meaningful response thereto, and finds no support in the Rules or otherwise. Moreover, Rule 11 requires anyone who signs a pleading to represent that the pleading has, or will likely have, evidentiary support. By attempting to plead merely the "possibility" of additional recovery, the Plaintiffs have contravened this requirement.

Furthermore, the Plaintiffs cannot prevail on their argument that they can use the terms "Plaintiffs," "Mrs. Hammond" and/or "Sedna Aire" interchangeably merely because the Plaintiffs are "closely related." Both Mrs. Hammond and Sedna Aire can sue and be sued in their own names. Mrs. Hammond's alleged "ownership" of Sedna Aire does not change this fact. To hold otherwise would authorize the Plaintiffs' complete disregard of Sedna Aire's corporate form. The defendants should not be forced to divine what damages are alleged to be

---

liability" in the patent law and finding that defendant's "activities in the United States were insufficient to constitute a sale within the United States to support direct infringement").

due and owing to whom. More specifically, Sedna Aire, who is neither the "patentee" nor the equivalent of a "patentee" (an exclusive licensee who has obtained "all substantial rights" in a patent), cannot maintain an action for infringement of the patents. *See* 35 U.S.C. § 281 (only a "patentee" can bring suit for patent infringement); *see also Azure Networks, LLC v. CSR PLC*, 771 F. 3d 1336, 1343 (Fed. Cir. 2014).

"Sedna Aire" cannot be used interchangeably with "Mrs. Hammond" in Counts I and II because it lacks standing to assert the claims alleged therein. *See id*. Likewise, Mrs. Hammond lacks standing to assert claims for trademark infringement and unfair competition based upon a mark alleged to be owned by Sedna Aire, claims for breach of a non-compete with Sedna Aire, and claims for breach of fiduciary duties allegedly owned to Sedna Aire. The Plaintiffs nonsensical and illogical use the terms "Plaintiffs," "Sedna Aire," and "Mrs. Hammond" interchangeably in each claim requires the Court to dismiss the FAC.

**B.      The Plaintiffs' Claims Are Simply Not Plausible.**

**1.      The Patent Infringement Counts (Counts I and II) Against Defendant Sweat Fail To State A Claim.**

There are simply no factual allegations to establish that Sweat's complained-of conduct was engaged in by Sweat in his individual and non-corporate capacity. (ECF No. 48, pp. 13-15) (arguing Sweat liable as the "moving force" of CRI and SCI). Thus, to establish Sweat's personal liability for patent infringement, the Plaintiffs must allege facts sufficient to justify piercing the corporate veil of either CRI or SCI. *See, e.g.*, *Wechsler v. Macke Int'l Trade, Inc.,* 486 F. 3d 1286, 1295 (Fed. Cir. 2007) (affirming grant of summary judgment that sole shareholder, director and officer of company was not the company's alter ego); *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F. 3d 1308, 1331 (Fed. Cir. 1999) (personal liability for infringement requires evidence sufficient to justify piercing the corporate veil).

Under Florida law, as applied by this Court, piercing the corporate veil requires that the corporate defendants are a mere device or sham to accomplish an ulterior purpose.[4]  *See, e.g.*, *Joe Hand Promotions, Inc. v. Hart*, No. 11-80971, 2012 WL 1289731, at *3 (S.D. Fla. Apr. 16, 2012) (allegations in complaint did not meet strict standard required to pierce the corporate veil).[5]

Plaintiffs' allegation that Sweat formed and organized SCI for the specific purpose of selling systems in "direct competition" with Sedna Aire does satisfy the Plaintiffs' burden to allege fraud or illegal purpose.  There is nothing fraudulent or illegal about starting a business to compete in the marketplace. (ECF No. 21, p. 13).  Plaintiffs' also argue that Sweat was involved in ***marketing and promotion*** of systems and that Sweat controlled, directed and managed CRI and SCI regarding the use of ***trademarks***.   (ECF No. 48, pp. 13-14).  These allegations do not even concern the making, use, importing, offering for sale or selling of accused products, which is all that is prohibited by Section 271(a).  *See* 35 U.S.C. § 271(a) ("whoever without authority

---

[4] Plaintiffs' disingenuous attempt to argue a different standard by plucking language from a 1963 decision by this Court in *Ibis Enterprises Ltd. v. Spray-Bilt*, 220 F. Supp. 65, 75 (S.D. Fla. 1963) that pre-dated the decisions cited herein, as well as the Florida Supreme Court's decision in *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117-21 (Fla. 1984) should not be condoned. (ECF No. 21, p. 13). Furthermore, the cases cited by Plaintiffs concerning personal liability in a trademark infringement claim (*Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)) and liability for copyright infringement on a secondary liability theory (*Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427, 2013 WL 6336286, at *38 (S.D. Fla. Sept. 20, 2013)) are not applicable where, as here, the determination of personal liability involving patent infringement is based on a direct liability theory. (ECF No. 21, p. 13).

[5] *See Borchardt v. Mako Marine Int'l, Inc.*, No. 08-61199, 2009 WL 3856678, at *6 (S.D. Fla. Nov. 17, 2009) (the requisite improper conduct is only established where "the corporation was a mere device or sham to accomplish some ulterior purpose . . . or where the purpose is to evade some statute or to accomplish fraud or illegal purpose.") (citations and quotations omitted); *see also 1021018 Alberta Ltd. v. Netpaying, Inc.,* No. 10-568, 2011 WL 1103635, at *7 (M.D. Fla. Mar. 24, 2011) (dismissing claims against individual defendant because the complaint contained no allegations that defendant entity was the alter ego of the stockholders or that it was organized or employed by the stockholders for fraudulent or misleading purposes, "both of which are required to support a contention that the corporate veil should be pierced."); ECF No. 37 at 12-13 (citing additional cases).

makes, uses, offers to sell, or sells any patented invention . . . infringes").

There are no allegations in the FAC that the corporate defendants were the alter egos of Sweat, that they were a "mere device or sham to accomplish some ulterior purpose," or that their purpose was "to evade some statute or to accomplish fraud or illegal purpose." Therefore, Plaintiffs' claims against Sweat for patent infringement must be dismissed. *See Borchardt*, No. 08-61199, 2009 WL 3856678, at *6; *Joe Hand*, No. 11-80971, 2012 WL 1289731, at *3; *1021018 Alberta,* No. 10-568, 2011 WL 1103635, at *7.

> **2. The Patent Infringement Counts (Counts I and II) Also Fail To Identify An Allegedly Infringing System Consistent With Rule 8(a).**

The Plaintiffs incorrectly argue that *K-Tech Telecommunications, Inc. v. Time Warner Cable,* 714 F. 3d 1277, 1286-87 (Fed. Cir. 2013), established a lower pleading threshold for identification of accused products. In fact, *K-Tech* held that it in "no way relaxe[d] the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." *Id*. at 1284. Further, amendments to the Rules that took effect on December 1, 2015, abrogated Form 18, which previously could have been viewed as requiring a more relaxed pleading standard for patent infringement claims. *See 3rd Eye Surveillance, LLC v. United States*, 124 Fed. Cl. 438 (Fed. Cl. 2015). Allegations of direct infringement are still, as they were previously, subject to the Rule 8 pleading standard that requires plaintiffs to demonstrate a "plausible claim for relief." *See id.* (noting that the applicable standard set by *K-Tech* was one of "notice and plausibility"). Thus, contrary to Plaintiffs' arguments, pleading of a claim for direct infringement may now require even *more* specificity than had been required when Form 18 was applicable.

In its Response, the Plaintiffs claim that their allegations are sufficiently plausible because they have provided "***identification of at least one allegedly infringing product (via***

*images within the Amended Complaint)*." (ECF No. 48, p. 13) (emphasis added). In this case, however, there are no accused "products," but rather, accused "systems." (ECF No. 21, ¶¶ 86, 98) (alleging that defendants are selling . . . a solar air condition system"). Thus, to meet their burden, Plaintiffs, according to their own argument, must provide "*identification* of at least one allegedly infringing *[system]*" *made, used, offered or sold by the Moving Defendants*. Although Plaintiffs identified what could possibly be claimed to be *component parts* of air conditioning or refrigeration systems, they have not provided an "identification" of "systems" that were made, used, offered or sold by the defendants.[6]

In particular, Plaintiffs identify two sets of pictures that they claim act as a sufficient "identification." (ECF No. 48 pp. 10-11). However, the first set of pictures provided in Plaintiffs' Response (*see* ECF No. 48 p. 10) merely show a variety of component pieces that could be used in a myriad of air conditioning systems. The second set of pictures (*see* ECF No. 48 p. 11) show images of what is claimed to be installed air conditioning systems, but, Plaintiffs actually allege that the pictured installations were done by Sedna Aire as opposed to any of the defendants. (ECF No. 21, ¶61) (referring to the pictures and stating that "those are in fact *Sedna Aire* instillations (sic) of the SOLAR COOL branded solar assisted air conditioning system.") (emphasis added). The Plaintiffs failure to identify any infringing systems that have been made, used, offered for sale of sold by the defendants requires dismissal of the FAC.[7]

---

[6] The reason for this is plain. As the defendants will show—if they are forced to continue to defend Plaintiffs' meritless allegations—they do not sell any solar air conditioning *systems*.

[7] This pleading failure also signals that Plaintiffs failed to conduct the required pre-suit investigation because they did not obtain, or even seek to obtain, and analyze the accused systems before filing suit. *See e.g, Eskimo Ice Corp. v. Nautic-Kold, Inc., et al*, No. 02-60059 (S.D. Fla. Mar. 24, 2005) (faulting Plaintiffs for not obtaining or attempting to obtain a sample of the accused products or drawings thereof in order to compare the actual design and functioning of the accused device with the elements of claim 1 of the patent).

### 3. The Counts For Trademark Infringement And Unfair Competition (Counts III and V) Fail To State Claims Because Plaintiffs Do Not Have A Valid, Protectable Mark.

There are two issues that were raised by the Moving Defendants' Motion to Dismiss on the Plaintiffs' trademark infringement and unfair competition claims. First, that the asserted mark SOLAR COOL has not been pled as anything other than descriptive, and second, that the Plaintiffs failed to plead sufficient facts to establish secondary meaning as a result of extensive use. ECF No. 37 at 19-22; *see also Tropic Ocean Airways, Inc. v. Floyd*, 598 Fed. Appx. 608, 611 (11th Cir. 2014) (failure to plead mark was "suggestive" rather than "descriptive" where plaintiff alleged no facts related to the use of the mark that would establish that the mark is suggestive, such as whether competitors infrequently use the terms in the mark).

As to the first point, the U.S. Trademark Office previously held that the Plaintiffs' asserted mark SOLAR COOL was descriptive. (ECF No. 38, Ex. A, pp. 7-8) (in the prosecution of Sedna Aire's application for the asserted mark, the examining attorney cited various third party registrations and uses showing the words "solar" and "cool" treated descriptively for goods similar to applicants goods). Plaintiffs do not contest the merely descriptive nature of the mark in their Response and, thus, appear to concede to the first point. (ECF No. 21, pp. 15-18).

As to the second point, the Plaintiffs assert that they properly alleged secondary meaning by asserting that the mark has been in use for a mere six years and by asserting a minimal single enforcement via settlement. Neither of these bare allegations establish "the nature and extent of the use of the trademark nor its effort to promote a conscious connection in the public's mind" such as by demonstrating facts about the type, expense, extent, and amount of advertising or of sales. *See Tropic Ocean,* 598 Fed. Appx. at 612. Neither do they establish "the extent to which the public identifies the mark" with Plaintiff. *See id*. In fact, these identical arguments were reviewed and rejected by the U.S. Trademark Office as insufficient to establish secondary

meaning in the asserted descriptive mark SOLAR COOL.  (ECF No. 37, p. 16).

Because neither of Plaintiffs' allegations establishes that consumers associated the descriptive mark exclusively with the Plaintiffs, Plaintiffs' trademark infringement claims are simply not plausibility.  *See, e.g.*, *Coach House Rest, Inc. v. Coach & Six Restaurants, Inc.,* 934 F. 2d 1151, 1560 (11th Cir. 1991); *Stuart J. Kaufman, M.D. & Assocs., P.A. v. Bausch & Lomb, Inc.,* No. 13-0461, 2013 WL 6154166, at *5-6 (M.D. Fla. Jul. 25, 2013) ("Plaintiff does not qualify its investment in promoting the Mark or describe the extent of the audience reached by its efforts.").  Accordingly, Plaintiffs' claims for unfair competition under Federal and Florida law, which require a protectable trademark, must be dismissed.

### 4. The Counts Arising Out of Sweat's Employment With Sedna Aire (Counts VI-VIII) Fail To State Claims.

In the motion to dismiss, the defendants argue that Counts VI through VIII of the FAC, which arise out of Sweat's employment with Sedna Aire, should be dismissed.  First, the defendants argue that the Plaintiffs' claim against Sweat for breach of the Non-Compete should be dismissed because they failed to plead either that the Non-Compete Agreement is justified by one or more legitimate business interests or that the Non-Compete Agreement is reasonably necessary to protect the established interests of Sedna Aire.  (ECF No. 37, pp. 17-18).  In their Response, the Plaintiffs rehash the insufficient allegations contained in the FAC and cite five cases in support of their argument against dismissal.  However, the only case cited by the Plaintiffs that addresses the standard for *pleading* a claim for breach of a restrictive covenant, *E-Z Pack Mfg. LLC v. RDK Truck Sales & Services, Inc.*, 2011 WL 4343790, *5 (M.D. Fla. Aug. 10, 2011), is unpersuasive.

There, the Court considered the plaintiff's allegations, coupled with the attached Confidentiality Agreement, to be sufficient.  *E-Z Pack Mfg. LLC*, 2011 WL 4343790 at *5.

Here, neither the allegations in the FAC nor the Non-Compete Agreement attached thereto as Exhibit C evidences any "legitimate business interest." Further, the Plaintiffs do not even attempt to argue that they pled why, or how, the Non-Compete Agreement was reasonably necessary to protect any established interest(s) of Sedna Aire. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me accusation'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Second, the defendants argue that the Plaintiffs' claims against Sweat for breach of fiduciary duties should be dismissed because the Plaintiffs failed to allege both that Sweat owed any fiduciary duty to them *collectively* and that they were *collectively* damaged. In the Response, the Plaintiffs argue that Sweat's fiduciary duties arose not only as a result of his employment with Sedna Aire, but also as a result of Mr. Hammond's "weakened state." They argue that this separate "fiduciary duty" passed to Mrs. Hammond when Mr. Hammond died. However, these arguments are wholly outside the pleadings and should not be considered in determining the Moving Defendants' Motion to Dismiss. Therefore, Counts VI-VII should be dismissed

### III.   CONCLUSION

For the foregoing reasons, Defendants Sunologi, Inc., Cool Roi, Inc., Solarcool International, Inc., and Edward Sweat respectfully request that the FAC be dismissed for the reasons set forth herein and in the motion to dismiss.

Dated:  April 1, 2016

Respectfully submitted,

*/s/ Patricia M. Carlson*
David S. Wood
Florida Bar Number: 289515
Email:  david.wood@akerman.com
Sara A. Brubaker
Florida Bar Number: 1015769
Email:  sara.brubaker@akerman.com
AKERMAN LLP
Post Office Box 231
Orlando, FL  32802-0231
Phone:  (407) 423-4000
Fax:  (407) 843-6610

and

Patricia M. Carlson
Florida Bar Number:  0058592
Email:  patti.carlson@akerman.com
AKERMAN LLP
777 S. Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

*Counsel for Sunologi, Inc., Cool Roi, Inc., SolarCool, International, Inc., and Edward E. Sweat*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record as set forth below.

*/s/ Patricia M. Carlson*
Patricia M. Carlson


Robert H. Thornburg, Esq.
ALLEN, DYER, DOPPELT, MILBRATH
 & GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, Florida 33131
Telephone:     (305) 374-8303
Facsimile      (305) 374-8306
Email: rthornburg@addmg.com
*Counsel for Plaintiffs*

Kenneth R. Hartmann
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Boulevard, Suite 900
Coral Gables, FL 33134-6036
Telephone:     305-372-1800
Fax:           305-372-3508
Email: krh@kttlaw.com
*Counsel for Sedna Aire Hawaii, LLC and Myron Thompson*