UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-24753-COOKE/DAMIAN

SEDNA AIRE USA INC., *et al.*,

    Plaintiffs,

vs.

SUNOLOGI, INC., *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON
PLAINTIFFS' MOTIONS TO ENFORCE SETTLEMENT AGREEMENT
AND FOR ENTRY OF FINAL JUDGMENT AND
DEFENDANTS' JOINT MOTION TO SET ASIDE SETTLEMENT AGREEMENT**

THIS CAUSE is before the Court on Plaintiffs, Sedna Aire USA, Inc.'s and Genevieve Hammond's (collectively, "Plaintiffs"), Motion to Enforce Settlement Agreement and For Entry of Final Judgment [ECF No. 135], and Corrected Motion to Enforce Settlement Agreement and For Entry of Final Judgment [ECF No. 140] (collectively, the "Motions to Enforce"),[1] and Defendants, Edward Sweat's and Mark Crabtree's (collectively, the "Individual Defendants"), *Pro Se* Joint Motion to Set Aside Settlement Agreement (the "Joint Motion"). [ECF No. 138]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF No. 143]. *See* 28 U.S.C. § 636(c).

---

[1] Plaintiffs' Corrected Motion to Enforce, filed as ECF No. 140, corrected and replaced the prior Motion to Enforce, filed as ECF No. 137.

The undersigned has considered Plaintiffs' Motions to Enforce and the Individual Defendants' Joint Response in Opposition and Joint Motion, the pertinent portions of the record, and all relevant legal authorities, and is otherwise fully advised in the premises. For the following reasons, it is recommended that Plaintiffs' Motions to Enforce Settlement Agreements and for Entry of Final Judgment [ECF No. 135 and 140] and the Individual Defendants' Joint Motion to Set Aside Settlement Agreement [ECF No. 138] be denied for lack of subject matter jurisdiction.

I.   BACKGROUND

On December 29, 2015, Plaintiffs brought this patent and trademark infringement action under Section 43(a) of the Lanham Act against nine entity and individual Defendants[2] for the allegedly improper use of Plaintiff's "Solar Cool" logo registered marks. [*See* ECF Nos. 1 and 21]. After almost one year of litigation, on December 9, 2016, and December 21, 2016, the parties filed separate Notices of Settlement and Joint Motions for Entry of Consent Injunction as to the Sweat Defendants and the Thompson Defendants, respectively. [*See* ECF Nos. 123 and 129].

In the Notices of Settlement and Joint Motions for Entry of Consent Injunction, the parties notified the Court that Plaintiffs and the Sweat and Thompson Defendants had each entered into their respective settlement agreements that contemplated the execution of an agreed consent injunction to resolve all issues between the parties and conclude the case. *See* ECF Nos. 123 and 129, at ¶ 1. The parties requested that the Court retain jurisdiction to

---

[2] Plaintiffs' First Amended Complaint grouped the Defendants as: (1) the "Sweat Defendants" which included Sunologi, Inc., Cool Roi, Inc., SolarCool International, Inc., Edward E. Sweat, and Mark Crabtree; (2) the "Vista Defendants" which included Vista USA Group LLC and Vista Solar Contractors, LLC; and (3) the "Thompson Defendants" which included Sedna Aire Hawaii, LLC d/b/a Solar Cool Hawaii and Myron Thompson. [ECF No. 21].

2

enforce their respective settlement agreements and enter the proposed consent injunctions which were attached as an exhibit to the parties' Joint Motions for Entry of Consent Injunction. [ECF No. 123, at ¶¶ 2–3; ECF No. 129, at ¶¶ 2–3]. Notably, the settlement agreements were not attached to the parties' Joint Notices of Settlement and Motions for Entry of Consent Injunction.

On December 16, 2016, the Court entered a paperless Endorsed Order granting the Joint Motion to Approve Consent Judgment against the Sweat Defendants. [ECF No. 126]. The Court specified that the consent injunction against the Sweat Defendants would be filed as a separate document. *Id.* On December 19, 2016, and December 28, 2016, the Court entered separate consent injunctions against the Sweat Defendants and the Thompson Defendants per the parties' respective Joint Motions for Entry of Injunction. [ECF Nos. 127 and 133].

Significantly, although reference was made to the parties' respective settlement agreements, the Court did not reserve jurisdiction to enforce the terms of the agreements between Plaintiffs and the Sweat and Thompson Defendants. Rather, and pursuant to the parties' proposed language incorporated into the consent injunctions, the Court retained jurisdiction solely "with regard to any enforcement proceedings regarding [the] Consent Injunction, modification of [the] Consent Injunction, or any other proceedings arising under [the] Consent Injunction." [ECF No. 127, at ¶ 10; ECF No. 133, at ¶ 11]. The Court did not reserve jurisdiction for any other purpose, even though, as indicated above, the parties had initially requested that the Court reserve jurisdiction for enforcement of the respective settlement agreements.

3

## II. THE MOTIONS BEFORE THE COURT

### A. *Plaintiffs' Motions to Enforce Settlement Agreements*

On December 8, 2021, five years after the parties filed their Notices of Settlement and the Court entered the respective consent injunctions against the Sweat Defendants and the Thompson Defendants, Plaintiffs filed the Motions now before the Court requesting that the Court enforce the settlement agreements and enter final judgment against the Sweat and Thompson Defendants, respectively, for the amounts allegedly due and owing under the settlement agreements. [*See generally* Motions to Enforce].

In the Motions to Enforce, which are both identical in substance and in the relief sought, Plaintiffs allege they entered into separate settlement agreements with the Sweat Defendants and the Thompson Defendants to resolve the disputes among the parties. [*See* ECF No. 135, at ¶ 2]. Plaintiffs also allege that the consent injunctions permanently enjoining and restricting both the Sweat and Thompson Defendants from using the "Solar Cool" logo registered marks owned by Plaintiffs were attached to the settlement agreements. *Id.* ¶ 3. Plaintiffs point out that the parties requested that this Court retain jurisdiction to enforce the terms of the settlement agreements and the consent injunctions. *Id.* ¶ 5. Plaintiffs further claim that on December 16, 2016, the Court issued a paperless order approving the settlement agreement and consent injunction as to the Sweat Defendants. *Id.* ¶ 6. Similarly, Plaintiffs assert that on December 28, 2016, the Court approved the settlement agreement and consent injunction against the Thompson Defendants. [*See* ECF No. 140, at ¶ 6]. Plaintiffs also claim that the Court retained jurisdiction to enforce the settlement agreements and consent injunctions. *Id.*

In the Motions to Enforce, Plaintiffs explain that the settlement agreement with the Sweat Defendants required the Sweat Defendants to repay Plaintiffs the total sum of $230,000.00 in seven payments over a five-year period. [ECF No. 135, at ¶ 8]. Similarly, Plaintiffs explain that the settlement agreement with the Thompson Defendants required the Thompson Defendants to pay Plaintiffs the total sum of $85,750.000 in five payments over a one-year period. [ECF No. 140, at ¶ 7]. Plaintiffs attach copies of the settlement agreements to their Motions. [*See* ECF Nos. 135-1 and 140-1]. As indicated above, the parties did not previously submit the settlement agreements to the Court.

Plaintiffs allege that since the parties entered into the respective settlement agreements, the Sweat Defendants have paid Plaintiffs only $68,000.00, and therefore the Sweat Defendants still owe Plaintiffs $162,000.00. [ECF No. 135, ¶¶ 8–9]. Plaintiffs further allege that, pursuant to a default provision in the settlement agreement, Plaintiffs are entitled to receive double the amount they are owed if the Sweat Defendants fail to timely make the payments due under the agreement. *Id.* ¶ 11. Therefore, Plaintiffs allege they are entitled to recover $324,000.00 from the Sweat Defendants. *Id.* ¶ 12. Likewise, Plaintiffs allege the Thompson Defendants have paid Plaintiffs only $7,000.00 and still owe Plaintiffs $78,750.00 in payments under that agreement. [ECF No. 140, at ¶¶ 8–9].

Thus, in the Motions to Enforce, Plaintiffs seek an order from the Court enforcing the respective settlement agreements and entering final judgment against the Sweat and Thompson Defendants for the amounts allegedly due and owing under the agreements. [*See* Motions to Enforce, at 5]. While the Motions seek enforcement of the monetary obligations pursuant to the settlement agreements, they do not seek relief in connection with the obligations imposed under the consent injunctions.

B. *Individual Defendants' Joint Motion to Set Aside Settlement Agreement*

On December 28, 2021, the Individual Defendants filed a *pro se* Joint Motion to Set Aside the Settlement Agreement as to the Sweat Defendants under Federal Rule of Civil Procedure 60. [ECF No. 138]. In the Joint Motion, the Individual Defendants assert they were fraudulently induced into entering into the settlement agreement. *Id.* at 2. Specifically, they allege that Plaintiffs "fraudulently concealed, denied the existence of, ignored or otherwise refused to produce material information in violation [of] the Court's Orders regarding discovery materials" in the underlying action and "fraudulently concealed material information know[n] to be damaging to [Plaintiffs'] claims or information that completely undermined Plaintiff[s'] statement of claims." *Id.* ¶ 5.

The Individual Defendants further allege that Plaintiffs perpetrated a fraud upon the Court and that Plaintiffs' previous counsel violated numerous Florida Bar Rules, including Rules 4-3.3(a)–(b) regarding Candor Toward the Tribunal and Rules 4-3.4(a)–(d) regarding Fairness to Opposing Party and Counsel. *Id.* at 12–13. Based on these allegations, the Individual Defendants assert they "would never have entered into any Settlement Agreement with Plaintiff[s]." *Id.* at 10. Accordingly, the Individual Defendants seek an order denying Plaintiffs' Motion to Enforce the Settlement Agreement as to the Sweat Defendants and declaring the Settlement Agreement void and unenforceable. *Id.* at 13–14. In the alternative, they request sufficient time to retain counsel to represent them in this matter. *Id.* at 14.

### III. APPLICABLE LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As courts of limited jurisdiction, federal courts may only exercise jurisdiction pursuant to Article III of the United States Constitution or a statutory

grant of authority to adjudicate an asserted claim. *Id.*; *see also Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The enforcement of a settlement agreement generally falls outside the ancillary jurisdiction of the federal courts, even where the court had jurisdiction to hear the underlying case. *Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1278 (11th Cir. 2012). "A claim for the enforcement of a settlement agreement is essentially a contract dispute for which there must be some independent basis for federal jurisdiction." *Slaughter v. U.S. Dep't of Agric.*, 555 F. App'x 927, 929 (11th Cir. 2014) (citing *Kokkonen,* 511 U.S. at 381–82). However, a federal court may specifically retain jurisdiction to enforce a settlement agreement or consent decree through its contempt power. *Am. Disability Ass'n, Inc. v. Chmielarz,* 289 F.3d 1315, 1319–21 (11th Cir. 2002).

In *Kokkonen*, before the close of trial, the parties agreed to a settlement and voluntary dismissal with prejudice. 511 U.S. at 376. The district court signed the stipulated dismissal but, notably, did not reserve jurisdiction to enforce the terms or "so much as refer to the settlement agreement" in its order. *Id.* at 377. Soon thereafter, a disagreement arose between the parties about their obligations under the settlement agreement, and one side moved to have the district court enforce the settlement. Based on its "inherent power," the district court entered an "enforcement order." *Id.* In reversing the Ninth Circuit's affirmance of the district court's enforcement order, the Supreme Court held that there was no basis for a federal district

7

court to assert jurisdiction over an alleged "breach of an agreement that produced the dismissal of an earlier federal suit." *Id.* at 379. Importantly, the Court specified that

> [t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist . . . . The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

*Id.* at 381. Therefore, the holding in *Kokkonen* clearly "precludes the exercise of ancillary jurisdiction to enforce the terms of a settlement agreement that resolved an action in federal court." *De Varona v. Discount Auto Parts, LLC*, 935 F. Supp. 2d 1335, 1341 (S.D. Fla. 2013) (citing *Anago*, 677 F.3d at 1278). As the Eleventh Circuit observed, "[u]nderlying *Kokkonen* is the well-established proposition that jurisdiction cannot exist by mere consent of the parties. To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago*, 677 F.3d at 1279 (citations omitted).

## IV. DISCUSSION

Plaintiffs seek an order from the Court enforcing the terms of the settlement agreements and entering final judgment against the Sweat and Thompson Defendants for the monetary obligations allegedly due under the respective agreements. [*See* ECF Nos. 135 and 140]. Under the circumstances, this Court cannot provide the relief sought because it lacks subject matter jurisdiction.

As indicated above, this Court did not specifically retain jurisdiction to enforce the parties' respective settlement agreements. Although the parties did request a reservation of jurisdiction by the Court for enforcement of the settlement agreements in their Joint Notices

of Settlement, "jurisdiction cannot exist by mere consent of the parties." *Anago*, 677 F.3d at 1279. Notably, the parties' proposed language in the consent injunctions, which was adopted by the Court, only reserved jurisdiction with regard to the injunctions and not the settlement agreements. The Court expressly reserved jurisdiction for that limited purpose—enforcement of the consent injunctions. Therefore, the Court is without jurisdiction to consider the Motions to Enforce the settlement agreements. *See id.*; *Kokkonen*, 511 U.S. at 381; *De Varona*, 935 F. Supp. 2d at 1341–42. For these reasons, the undersigned finds that this Court lacks jurisdiction to consider the Motions to Enforce the settlement agreements, and Plaintiffs' Motions must therefore be denied.

As noted by the Eleventh Circuit, Plaintiffs are not left without a remedy—they may seek to enforce the settlement agreements in state court. *Anago*, 677 F.3d at 1281 (citing *Kokkonen*, 511 U.S. at 382). Indeed, "[s]ettlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract." *Id.* When a settlement agreement is not made part of a court order, as in this case, "it is merely a private contract arising out of a case in federal court and has nothing to do with the underlying case." *Id.*

As for the Individual Defendants' Joint Motion to Set Aside the settlement agreement as to the Sweat Defendants, the undersigned likewise recommends that the Joint Motion be denied because this Court lacks jurisdiction to consider the Joint Motion, which is also based on the settlement agreement, which is no longer before this Court and over which the Court did not retain jurisdiction. So, too, can Defendants seek relief in state court for their claims based on the settlement agreement.

**V.      RECOMMENDATIONS**

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

1. Plaintiffs' Motions to Enforce Settlement Agreements and For Entry of Final Judgment [ECF Nos. 135 and 140] be **DENIED WITH PREJUDICE** for lack of subject matter jurisdiction;

2. The Individual Sweat Defendants' Joint Motion to Set Aside Settlement Agreement [ECF No. 138] be **DENIED WITH PREJUDICE** for lack of subject matter jurisdiction; and

3. Plaintiffs' Motion to Enforce Settlement Agreement and For Entry of Final Judgment [ECF No. 137] be **DENIED AS MOOT**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 23rd day of May 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Marcia G. Cooke
    Counsel of Record