UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 15-CIV-24753-COOKE/Damian**

**SEDNA AIRE USA INC.**, *et al.*,

    Plaintiffs,

vs.

**SUNOLOGI, INC.**; *et al.*,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Report and Recommendation of the Honorable Melissa Damian, U.S. Magistrate Judge [ECF No. 144], regarding Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Final Judgment [ECF No. 135], Plaintiffs' Motion to Enforce Settlement Agreement [ECF No. 137], Individual Defendants Edward Sweat and Mark Crabtree's Joint Motion in Opposition to Plaintiff's Motion to Enforce Settlement Agreement . . . [ECF No. 138], and Plaintiffs' Corrected Motion to Enforce Settlement Agreement and for Entry of Final Judgment [ECF No. 140].

In her Report, Judge Damian recommends that: 1) Plaintiffs' Motions to Enforce Settlement Agreement and for Entry of Final Judgment [ECF Nos. 135 and 140] be denied with prejudice due to lack of subject matter jurisdiction; 2) Individual Defendants Edward Sweat and Mark Crabtree's Joint Motion to Set Aside Settlement Agreement [ECF No. 138] be denied with prejudice due to lack of subject matter jurisdiction; and 3) Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Final Judgment [ECF No. 137] be denied as moot. The parties have not filed objections to the Report, and the time to do so

Case No. 15-CIV-24753-COOKE/Damian

has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  When no party has timely objected, as here, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)).

The Court has reviewed the Motions, the related briefing and accompanying exhibits, Judge Damian's Report, the record, and the relevant legal authorities. There is no clear error on the face of the record except that the denial of the Motions should be without prejudice. *See, e.g.*, *Sanchez v. Ocwen Loan Servicing, LLC*, 840 F. App'x 419, 421 (11th Cir. 2020) ("The district court, did, however, err in one regard.  A dismissal for lack of subject matter jurisdiction . . . must be entered without prejudice." (alteration added; citation omitted)). Indeed, the Magistrate Judge recognizes the parties may seek relief in state court.  (*See* Report 9).  Accordingly, it is

**ORDERED AND ADJUDGED** that Judge Damian's Report **[ECF No. 144]** is **AFFIRMED and ADOPTED**. It is further **ORDERED** as follows: Plaintiffs' Motions to Enforce Settlement Agreement and for Entry of Final Judgment **[ECF Nos. 135 and 140]** are **DENIED** without prejudice for lack of subject matter jurisdiction; the Individual

2

Case No. 15-CIV-24753-COOKE/Damian

Defendants Edward Sweat and Mark Crabtree's Joint Motion to Set Aside Settlement Agreement **[ECF No. 138]** is **DENIED** without prejudice for lack of subject matter jurisdiction; and Plaintiffs' Motion to Enforce Settlement Agreement and For Entry of Final Judgment **[ECF No. 137]** is **DENIED** as moot.

**DONE and ORDERED** in Miami, Florida, this 13th day of July 2022.


for **MARCIA G. COOKE**
**UNITED STATES DISTRICT JUDGE**


Copies furnished to:
Melissa Damian, U.S. Magistrate Judge
counsel of record